IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND D. JACKSON,

        Plaintiff,                       No. CIV S-06-1893 LKK DAD P

    vs.

NADIM K. KHOURY, et al.,

        Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's motion for a preliminary injunction.

        The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

1

1  irreparable injury." Id.  In the absence of a significant showing of possible irreparable harm, the
2  court need not reach the issue of likelihood of success on the merits.  Id.

3        In cases brought by prisoners involving conditions of confinement, any
4  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
5  harm the court finds requires preliminary relief, and be the least intrusive means necessary to
6  correct the harm."  18 U.S.C. § 3626(a)(2).

7        In his motion plaintiff asserts that over twenty years ago, he received a kidney
8  transplant. (Mot. at 1.)  To keep the kidney functioning, plaintiff must take immuno-suppressing
9  medications twice a day.  Plaintiff alleges that CDCR doctors and the specialist who performed
10 the kidney transplant made clear that he must take precautions to protect the kidney.  In
11 particular, plaintiff alleges that he should not be exposed to individuals with diseases, or his
12 system could reject the kidney transplant.  (Mot. at 2.)

13       Plaintiff alleges that defendants are exposing him to unnecessary risks.  For
14 example, plaintiff alleges that he caught a serious cold from his cellmate, who has since moved.
15 Plaintiff alleges that within the next day or two another cellmate will move into his cell.  Plaintiff
16 further alleges that, although defendants check incoming inmates for "TB, etc.," he may not be so
17 lucky in the days and years to come.  One of the incoming inmates could possess a disease that
18 would cause plaintiff's system to reject his kidney transplant.  (Mot. at 2.)  Plaintiff alleges that
19 defendants are not taking reasonable measures to prevent the rejection of his kidney and have
20 blocked his attempts to secure a single cell.  (Mot. at 2 & 4.)  Plaintiff concludes that he is in
21 danger of losing his life-saving kidney transplant and that a preliminary injunction is necessary to
22 prevent irreversible future harm.  (Mot. at 9.)

23       The court will recommend denying plaintiff's motion without prejudice.
24 Speculative injury does not constitute irreparable harm.  See Caribbean Marine Servs. Co. v.
25 Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739
26 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown, although the

1 injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.
2 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523
3 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.

Plaintiff has not provided the court with evidence that he faces an injury that is real and immediate or demonstrated that he will suffer irreparable harm if the requested relief is not granted.  Although plaintiff has expressed concerns about his future cellmate, presently, plaintiff does not have a cellmate.  Plaintiff is only able to speculate about future cellmates and possible scenarios, which may well not transpire.  A speculative injury is not sufficient to justify a preliminary injunction.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's June 8, 2007 motion for a preliminary injunction be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jack1893.48