IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND JACKSON,

    Plaintiff,                    No. CIV S-06-1893 LKK DAD P

    vs.

NADIM KHOURY, et al.,

    Defendant.                  <u>ORDER</u>

_____/

        On June 4, 2008, defendants filed a request for a thirty-one day extension of time to file a motion for summary judgment. Under the court's scheduling order, the deadline for the filing of dispositive motions is June 6, 2008. Defense counsel declares that he has drafted a motion for summary judgment on behalf of all defendants and is in the final stages of completing it for filing, however, on June 4, 2008, counsel received plaintiff's second motion for an emergency preliminary injunction. Counsel declares that he requires additional time to review plaintiff's motion and research the documents attached thereto in order to determine whether he should proceed with his motion for summary judgment on behalf of the defendants.

        Good cause appearing, the court will grant defendants thirty-one days leave to file a motion for summary judgment. In addition, plaintiff will be provided an opportunity to

/////

respond to defendants' motion.[1]  The remainder of the court's scheduling order will remain in effect.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Defendants' June 4, 2008 request for an extension of time is granted;

        2. Defendants shall file a motion for summary judgment within thirty-one days of the date of this order; plaintiff's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion; defendants' reply, if any, shall be filed and served within fifteen days thereafter;

        3. The remainder of the court's scheduling order remains in effect.

DATED: June 6, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jack1893.msj

---

[1] Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of defendants without trial. Defendants' motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.