IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND D. JACKSON, SR.,

    Plaintiff,                    No. CIV S-06-1893 LKK DAD P

    vs.

NADIM KHOURY, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to re-open this case.

**PROCEDURAL HISTORY**

        On January 20, 2009, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be granted. The parties were given fifteen days to file and serve any objections to the findings and recommendations. On February 3, 2009, plaintiff requested an extension of time to file his objections. On February 11, 2009, the magistrate judge granted plaintiff "one thirty-day extension of time" to file his objections. Nevertheless, on March 12, 2009, plaintiff requested a second extension of time to file his objections. On March 13, 2009, the magistrate judge granted plaintiff's request in part and ordered him to file his objections on or before March 23, 2009.

1

1  The magistrate judge cautioned plaintiff that no further extensions of time would be granted for
2  this purpose and that if he did not timely file his objections, the findings and recommendations
3  would be forwarded to the assigned district judge without plaintiff's objections.
4      On March 31, 2009, having not received objections from either party, the court
5  reviewed the file and found the findings and recommendations to be supported by the record and
6  by the magistrate judge's analysis.  The court adopted the findings and recommendations in full,
7  granted defendants' motion for summary judgment, and closed this action.  On April 2, 2009, the
8  court received for filing plaintiff's objections to the magistrate judge's findings and
9  recommendations.

## PLAINTIFF'S MOTION TO RE-OPEN THE CASE

11      In his motion, plaintiff argues that he received the findings and recommendations,
12  and based on their length and detailed analysis, he filed a request for an extension of time to file
13  his objections with the court.  Plaintiff acknowledges that the magistrate judge granted him an
14  additional thirty days to file his objections, but claims that due to difficulty gaining access to the
15  law library, he needed additional time and filed a second request for an extension of time.
16  Although the magistrate judge granted plaintiff an additional ten days to file his objections,
17  plaintiff argues that he did not receive the magistrate judge's order until seven days after the
18  court mailed it, leaving him with only three days to complete his objections.  Plaintiff emphasizes
19  that he nevertheless timely filed three pages of objections on March 22, 2009.  He contends that
20  either prison officials did not timely forward his objections to the court, or the court did not allow
21  sufficient time for them to arrive before entering judgment.  In light of these circumstances,
22  plaintiff moves the court to re-open the case and allow him additional time to file complete
23  objections to the findings and recommendations.
24      Defendants oppose plaintiff's motion to re-open the case and argue that he has not
25  shown cause for the requested relief.  For example, plaintiff contends that prison officials
26  interfered with his mail and prevented him from accessing the law library, but he provides no

evidence in support of these contentions.  Defendants also argue that even if plaintiff timely mailed his objections, he failed to identify the portions of the findings and recommendations to which he objected and failed to identify the basis of his objections.  Rather, plaintiff simply set forth a blanket objection to the findings and recommendations.  In this regard, defendants argue that it would be futile to grant plaintiff relief and consider his objections.

## DISCUSSION

The court has construed plaintiff's motion as a motion brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Having not received plaintiff's objections for more than a week after the deadline for their filing, the court entered judgment in this case under the belief that plaintiff had elected not to file objections to the findings and recommendations.  According to the declaration of mailing attached to plaintiff's objections, however, it appears plaintiff did timely file his objections by placing a copy of them in the mail at CSP-Solano on March 22, 2009.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (discussing the mailbox rule); Douglas v. Noelle, 567 F.3d 1103, 1106-09 (9th Cir. 2009) (applying the mailbox rule to § 1983 actions).  "[Rule 60(b)] is remedial in nature and thus must be liberally applied." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1169 (9th Cir. 2002) (en banc).  Accordingly, under the circumstances of this case, the court finds that plaintiff is entitled to relief under Rule 60(b)(1).  See Kingvision Pay-Per-View

/////

v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999) (Rule 60(b)(1) includes mistakes by the court).

As to plaintiff's request for additional time to file complete objections to the findings and recommendations, the court notes that the assigned magistrate judge has twice advised plaintiff that the purpose of filing objections to the findings and recommendations is merely to identify the portions of the findings and recommendations to which objection is made and the basis of the objection. The court has reviewed plaintiff's objections, and as defense counsel observes, plaintiff failed to identify either the portions of the findings and recommendations to which he objects or the basis of his objections. In the interest of justice, the court will grant plaintiff a final thirty days to file complete objections to the assigned magistrate judge's findings and recommendations. The court will also grant defendants fifteen days to file a reply, if any, to plaintiff's objections.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 10, 2009 motion to re-open the case (Doc. No. 66) is granted;

2. The Clerk of the Court is directed to re-open this case;

3. Plaintiff shall file and serve any objections to the assigned magistrate judge's January 20, 2009 findings and recommendations within thirty days of the date of service of this order. Defendants shall file and serve a reply, if any, within fifteen days thereafter.

DATED: September 18, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT